IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRENCE DION WASHINGTON, :

    Petitioner, :
                                           CIVIL ACTION NO. 13-0436-CG-C
vs. :
                                           CRIMINAL NO. 08-0286-CG-C
UNITED STATES OF AMERICA, :

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Terrence Dion Washington, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (Docs. 89 & 92; *see also* Doc. 123). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon the government's February 26, 2014 response (Doc. 125) to Washington's motion to vacate, as amended, it is recommended that Washington's § 2255 motion be **GRANTED** and that he be resentenced.

## FACTUAL BACKGROUND

On November 5, 2008, Washington entered a counseled guilty plea to the sole count of the indictment, that is, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 55; *compare id. with* Doc. 1.)[1] On June 9, 2009, petitioner was sentenced to 135 months imprisonment (Doc. 49, June 9, 2009 Sentencing Transcript, at 15-16) but was resentenced some three days later, on June 12, 2009, to 180 months imprisonment (Doc. 49, June 12, 2009 Sentencing Transcript, at 3), consistent with

---

      [1] The felony referenced in the indictment was petitioner's June 24, 1991 third-degree robbery conviction in the Circuit Court of Mobile County, Alabama. (Doc. 1, at 1.)

information supplied to Washington during his guilty plea proceeding (*see* Doc. 55, at 7-8 ("[T]here is another statute that provides for another provision of the law that provides an enhancement for this type of offense if you have certain qualifying convictions in your background. I know from the evidence at your motion to suppress hearing there's at least one . . . conviction in your background, but I don't know whether it would be a qualifying conviction or not. But if you have certain violent felonies or drug convictions in your background, then it could be that the minimum sentence would be 15 years with a maximum of life."). More specifically, Washington was informed on June 12, 2009, that the 135-month sentence imposed three days earlier was an illegal sentence and, by law, the Court was required to sentence him to a 180-month term of imprisonment. (*Compare* Doc. 49, June 12, 2009 Sentencing Transcript, at 1 ("Mr. Washington, I . . . understand from talking to Mr. Williams that you know why we're having to do this over again, that I imposed an illegal sentence and that I didn't sentence you to the mandatory minimum.") *with id.* at 1-2 ("For the record, I need to state that this is basically a continuation of the sentencing hearing that we had on Tuesday and we need to continue it because in the confusion of making the appropriate findings over the guidelines, although I found that you are an armed career criminal, I failed to imposed the mandatory minimum sentence that is required by law and I sentenced you to 135 months, when in fact the law requires that you be sentenced to 180 months.").) For background purposes, the undersigned notes that during the sentencing hearing on June 9, 2009, the prior felony convictions specifically discussed in reference to the Armed Career Criminal Act ("ACCA") were three in number, namely a 1988 second-degree robbery conviction from New York, a 1991 third-degree robbery conviction out of Mobile County, Alabama, and a 1990 third-degree burglary conviction

out of Clarke County, Alabama. (Doc. 49, June 9, 2009 Sentencing Tr., at 6-9; *compare id. with* Doc. 38, at ¶ 26 ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal. . . . Because the defendant was convicted of robbery, 2nd degree[,] case #6009-88(N), robbery, 3rd degree[,] #CC90-00838, and burglary, 3rd degree[,] case #CC90-155-K, the provisions of U.S.S.G. § 4B1.4(b)(3)(A) provide for the greatest offense level[.] [T]herefore, the offense level is 34.").)[2]

Washington did not appeal the June 12, 2009 judgment (*see* Docket Sheet); instead, on June 7, 2010, petitioner filed a motion to vacate his sentence (Doc. 50). This motion, which raised numerous claims, including several instances of alleged ineffective assistance of counsel (*see* Doc. 59, at 26-27), was denied on October 1, 2010 (Docs. 75-76; *compare id. with* Docs. 59 & 61-62). The Eleventh Circuit dismissed Washington's appeal for failure to pay the filing fee on November 22, 2010 (*see* Doc. 78) and approximately one month later, on December 20, 2010, denied his motion for certificate of appealability and denied, as moot, his motion for leave to proceed *in forma pauperis* (Doc. 79).

The instant motion to vacate was filed by Washington in this Court on August 27, 2013 (Doc. 89, at 13), the undersigned construing petitioner's memorandum in

---

[2] As pointed out by previous order (*see* Doc. 90, at 3 n.2), the Presentence Investigation Report makes reference to a 1996 drug possession conviction out of Washington County, Alabama (*compare id. with* Doc. 38, ¶ 36) and although this conviction was discussed during the June 9, 2009 sentencing hearing (*see* Doc. 49, June 9, 2009 Sentencing Tr., at 13-15 (discussion about the fact that Washington, at the time of sentencing, was in state custody based upon the revocation of his parole on the drug possession charge and was serving the four and one-half years remaining on that sentence)), there was no explicit finding on the record that this drug conviction was a qualifying predicate felony conviction under the ACCA (*see id.*; *compare id. with* Doc. 38, ¶ 26).

support as a motion to vacate (*see* Doc. 90). Therein, Washington asserted his entitlement to resentencing based upon the vacatur of his 1988 second-degree robbery conviction by the Supreme Court of the State of New York, New York County. (*Compare* Doc. 89, Exhibit 1 *with* Doc. 92, at 4.) Washington attached to his memorandum in support his affidavit which establishes that between September and December of 2009, he prevailed upon a brother-in-law in New York, Reginald Raspberry, to obtain documents pertaining to his second-degree robbery conviction and further establishing that Raspberry told him to file a 440.10 habeas corpus motion to vacate judgment, which was accomplished on February 21, 2010. (Doc. 89, Exhibit 2, at 2-3; *see also* Doc. 89, Exhibit 5.) Thereafter, Washington spoke to a New York Supreme Court Clerk, Dianne Davilla, in 2010 and 2011, filed other motions in 2011 (including a request for final disposition), began communicating with another clerk, Koquita Sutton, in December of 2011 (*compare* Doc. 89, Exhibit 2, at 3-4 *with* Doc. 89, Exhibit 6), and then in 2013 continued to file motions, including a motion to dismiss for failure to prosecute and a motion for speedy trial (*see* Doc. 89, Exhibit 4 & Exhibit 6, at 8-14). Information received from the Supreme Court of the State of New York, New York County confirms Washington's representations regarding communications in December of 2011 and do not refute his representations of earlier communications. (*See* Doc. 121, at 1 ("As per when Mr. Washington or any relatives began contacting the Supreme Court in order to vacate the conviction, our records indicate th[at] a written request was received in December of 2011. It is possible that there were earlier requests, as we do not memorialize in person or phone conversations and the file might not contain earlier correspondence.").) Ultimately, on February 27, 2013, the Supreme Court of the State of New York, New York County vacated Washington's second-degree robbery conviction

4

and a certificate of such vacatur was entered on July 3, 2013. (*See* Doc. 89, Exhibit 1 ("I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS ON FILE IN THIS OFFICE THAT ON 02/27/2013 THE ABOVE ACTION [CASE NUMBER: 06009-88] WAS DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE WILEY, M THEN A JUDGE OF THIS COURT. . . . THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF THE CRIMINAL PROCEDURE LAW 'THE ARREST AND PROSECUTION SHALL BE DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST AND PROSECUTION'."); Doc. 121, at 9 (clerk's notes reflect that case was dismissed and sealed on February 27, 2013).)

The government has now filed a substantive response to the instant second-in-time motion to vacate (Docs. 89 & 92), as amended (Doc. 123), and therein specifically states it "does not oppose Washington's motion to vacate the ACCA-enhanced sentence in light of the 1988 guilty plea being vacated by the State of New York." (Doc. 125, at 6.)

## CONCLUSIONS OF LAW

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence

5

to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In this instance, Washington's primary contention is that the February 27, 2013 vacatur of his 1988 second-degree robbery conviction out of the Supreme Court of the State of New York, New York County entitles him to the relief afforded by 28 U.S.C. § 2255 inasmuch as that conviction was used by this Court at sentencing as a qualifying predicate felony conviction for purposes of enhancement under the ACCA.[3]

Washington's present second-in-time motion to vacate cannot be regarded as successive on its face (nor as time-barred) inasmuch as the factual predicate for the motion—that is, the state order vacating his 1988 second-degree robbery conviction—did not ripen until the state court issued its order on February 27, 2013. *Compare Stewart v. United States*, 646 F.3d 856, 863 & 865 (11th Cir. 2011) ("[T]he order vacating a defendant's predicate convictions forms the basis of a § 2255 claim. . . . [T]he facts indicating there might be flaws in Stewart's Georgia convictions existed in 2004, but the *basis* for his *Johnson* claim—the order vacating those predicate convictions—did not exist until July 2, 2008. . . . Because the basis for his *Johnson* claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not 'second or successive,' and § 2255(h)'s gatekeeping provision does not apply. And because attempting to raise his *Johnson* claim in his initial § 2255 would have been an empty formality, Stewart was permitted to raise it in a second, diligently pursued § 2255 motion.") *with Johnson v. United States*, 544 U.S. 295, 302, 125

---

[3] The claims raised by Washington in his amended motion to vacate—namely that he is actually innocent of the ACCA enhancement and that this Court lacked subject-matter jurisdiction to impose a sentence in excess of the statutory maximum of ten years under 18 U.S.C. § 922(g)(1) (Doc. 123, at 2-6)—afford petitioner no different relief than that recommended herein and, therefore, the undersigned has no occasion to specifically address those issues.

6

S.Ct. 1571, 1577, 161 L.Ed.2d 542 (2005) ("We granted certiorari . . . to resolve a disagreement among the Courts of Appeals as to whether vacatur of a prior state conviction used to enhance a federal sentence can start the 1-year limitation period under the fourth alternative of the § 2255 rule. . . . We agree with Johnson that the state-court vacatur is a matter of fact for purposes of the limitation rule in the fourth paragraph."). However, this "rule" is not without qualification inasmuch as the Supreme Court made clear in *Johnson* that "the statute allows the fact of the state court order to set the 1-year period running only if the petitioner has shown ***due diligence*** in seeking the order." *Id.* at 302, 125 S.Ct. at 1577 (emphasis supplied); *see also id.* at 310, 125 S.Ct. at 1582 ("We accordingly apply the fourth paragraph in the situation before us by holding that from November 29, 1994, the date the District Court entered judgment in his federal case, Johnson was obliged to act diligently to obtain the state-court order vacating his predicate conviction. Had he done so, the 1-year limitation period would have run from the date he received notice of that vacatur."); *Stewart, supra*, 646 F.3d at 863-864 ("Assuming he has acted with due diligence, 'a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated.' Because Stewart set out to have his state convictions vacated just weeks after he was sentenced as a career offender, succeeded, and then promptly brought a § 2255 motion raising a *Johnson* claim, we believe he acted diligently." (internal citation and footnote omitted)). The Supreme Court in *Johnson* answered the question of "how to implement the statutory mandate that a petitioner act with due diligence in discovering the crucial fact of the vacatur order that he himself seeks[]" by finding that "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior

7

conviction with its potential to enhance the later sentence." *Id*. at 308, 125 S.Ct. at 1580 & 1580-1581. And the Supreme Court settled on the "date of judgment [in the federal prosecution] as the moment to activate due diligence[.]" *Id*. at 309, 125 S.Ct. at 1581.

In this case, Washington was sentenced as a career offender on June 12, 2009, and within months of that date, in September of 2009, set out, through relatives and *pro se*, to have his predicate New York second-degree robbery conviction vacated. He succeeded—on February 27, 2013 the conviction was vacated—and then filed a § 2255 motion to vacate within two months of his receipt of the "CERTIFICATE OF DISPOSITION DISMISSAL[.]" (*Compare* Doc. 89, at 13 (filed August 27, 2013) *with* Doc. 89, Exhibit 1 (certificate of disposition dismissal signed July 3, 2013).) Under the circumstances, and because the government makes no argument to the contrary, the undersigned recommends that the Court find that Washington acted with due diligence in obtaining the state-court order vacating his predicate New York conviction. As a result, his second-in-time motion to vacate is neither successive or time-barred, *compare Stewart, supra,* 646 F.3d at 857 ("Within weeks of being sentenced as a career offender, Sherodney Stewart set out, *pro* se, to have his predicate state convictions vacated. He succeeded. He then filed a motion under 28 U.S.C. § 2255, which is the subject of this appeal. It was his second such motion, but because it was not 'second or successive' as that term is understood in context of the Antiterrorism and Effective Death Penalty Act [], we reverse the district court's dismissal and remand for resentencing."[4]) *with Johnson, supra,* 544 U.S. at 310, 125 S.Ct. at 1582 ("We

---

[4] As in *Stewart*, the basis for Washington's *Johnson* claim obviously did not exist before the proceedings on his initial § 2255 motion concluded and, therefore, the instant § 2255 motion is not successive. *Stewart, supra*, 646 F.3d at 865.

accordingly apply the fourth paragraph in the situation before us by holding that from November 29, 1994, the date the District Court entered judgment in his federal case, Johnson was obliged to act diligently to obtain the state-court order vacating his predicate conviction. Had he done so, the 1-year limitation period would have run from the date he received notice of that vacatur."[5]), and he is entitled to resentencing, *see Stewart*, 646 F.3d at 865 (reversing and remanding case to the district court for resentencing).[6] Washington is entitled to federal resentencing because one of the judgments supporting his enhanced sentence—that is, the 1988 second-degree robbery conviction—has been vacated by the State of New York.

## CONCLUSION

The Magistrate Judge recommends that the instant motion to vacate (Docs. 89 & 92), as amended (Doc. 123), be **GRANTED** and that Washington be resentenced.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

---

[5] Even assuming Washington received notice of the vacatur of his New York conviction in late February or early March of 2013, the filing of the instant § 2255 motion to vacate on August 27, 2013 (Doc. 89, at 13) was timely under the statute.

[6] Washington's case is additionally interesting because one of the other predicate convictions utilized at sentencing under the ACCA was a third-degree burglary conviction out of the Circuit Court of Clarke County, Alabama (*compare* Doc. 49, June 9, 2009 Sentencing Tr., at 8 & 9-10 *with* Doc. 38, at ¶¶ 26 & 35) and the Eleventh Circuit has recently held that a conviction under Alabama's third-degree burglary statute does not qualify as a predicate conviction for purposes of enhancing a defendant's sentence under the ACCA. *United States v. Howard*, --- F.3d ---, 2014 WL 630657, *9 (11th Cir. Feb. 19, 2014); *see also United States v. Jones*, --- F.3d ---, 2014 WL 705419, *1 (11th Cir. Feb. 25, 2014) (holding that the use of Alabama convictions for third-degree burglary as violent felonies for ACCA purposes is plain error).

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D.Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 7th day of March, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**